CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
JUN 29 2005
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| JOSEPH J. JACKSON, JR. | ) | CASE NO. 4:04CV00035 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| | ) | |
| JO ANNE B. BARNHART | ) | By: B. Waugh Crigler |
| Commissioner of Social Security, | ) | U. S. Magistrate Judge |
| | ) | |
| Defendant, | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's May 20, 2002 claim for a period of disability, disability insurance benefits and supplemental security income benefits under the Social Security Act (Act), as amended, 42 U.S.C.§§ 416, 423 and 1381 *et seq.*, is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render a report to the presiding District Judge setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter AFFIRMING the Commissioner's final decision, GRANTING judgment to the defendant and DISMISSING the case from the docket of the court.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge (Law Judge) found that plaintiff met the non-disability requirements

1

of the Act through the date of his decision and that plaintiff had not been engaged in any gainful activity since the alleged onset of disability. (R. 25.) The Law Judge determined that medical evidence established that plaintiff suffered from a seizure disorder which was a severe impairment but which did not meet or equal the requirements of any listed impairment, and that plaintiff also suffered from "drug addiction, a personality disorder, depression, .. a left knee impairment, and gastric reflux" which were not severe and only minimally limited plaintiff's ability to perform work-related activities. (R. 18.) The Law Judge was of the opinion that plaintiff's complaints about the effects of his condition were not entirely credible, in part because of noncompliance with medications and a history of concealing information from physicians. (R. 20, 23.) Nevertheless, the Law Judge found plaintiff unable to perform his past relevant work in labor positions, though he further concluded that plaintiff retained the residual functional capacity to do sedentary work, which was limited to "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools," and where "walking and standing are required occasionally." (R. 23.) By application of the Medical-Vocational Guidelines ("grids") to plaintiff's exertional limitations and by reference to evidence offered at the hearing by a vocational expert (VE), the Law Judge found that jobs were available in the economy for a person with plaintiff's maladies and their effects. (R. 24, 25.) Thus, he found plaintiff not disabled under the Act and denied the claim for benefits.

Plaintiff appealed the Law Judge's decision to the Appeals Council. (R. 12.) While the case was on administrative appeal, plaintiff submitted additional evidence. (R. 476-479.) The Appeals Council found that neither the record, nor the new evidence, nor the reasons the plaintiff advanced on appeal provided a basis to review the Law Judge's decision. (R. 7-10.)

Therefore, it denied review and adopted the Law Judge's decision as a final decision of the Commissioner. This action ensued.

In the instant case, plaintiff carried his initial burden in the sequential evaluation process by demonstrating the presence of severe impairments which prevented him from performing his past relevant work. 20 C.F.R. §§ 404.1520 and 416.920; *Hunter v. Sullivan*, 993 F.2d 31 (4th Cir. 1992). Since the Law Judge found that plaintiff could not perform his past relevant work in labor positions, the burden shifted to the Commissioner to demonstrate that alternate gainful activity was available to him. If the Commissioner does not discharge her sequential burden, then the claimant is entitled to benefits on the *prima facie* case of disability. *Wilson v. Heckler*, 743 F.2d 218 (4th Cir. 1984). Where plaintiff's ability to perform work-related activities is limited by non-exertional limitations, the Commissioner can discharge her burden only by the presentation of vocational evidence. *Hall v. Harris*, 658 F.2d 260 (4th Cir. 1981); *McLain v. Schweiker*, 715 F.2d 866 (4th Cir. 1983); *Coffman v. Bowen,* 829 F.2d 514 (4th Cir. 1987). In addition, the Appeals Council has a duty to fully and fairly evaluate any evidence tendered on administrative appeal and state reasons for denying review. *Riley v. Apfel*, 88 F. Supp 2d 572 (W.D.Va. 2000). Failure to do so may lead to a remand of the case with direction to make findings upon which judicial review might more appropriately occur.

The Commissioner is charged with evaluating the medical evidence, assessing symptoms, signs, and findings, and, in the end, determining the functional capacity of the claimant. 20 C.F.R. §§ 404.1527-404.1545; *Hays v. Sullivan*, 907 F.2d 1453 (1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). In that connection, the Commissioner regulatorily is granted some latitude in resolving inconsistencies in evidence and the court reviews the Law

Judge's factual determinations only for clear error. 20 C.F.R. §§ 404.1527 and 416.927; *See also Estep v. Richardson*, 459 F.2d 1015, 1017 (4th Cir. 1972). In the end, if the Law Judge's resolution of the conflicts in the evidence is supported by substantial evidence then the Commissioner's final decision must be affirmed. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

Plaintiff's chief complaint centered on his epilepsy and its resulting seizures. However, the medical evidence certainly reveals a pattern of noncompliance with medication and lack of consistency in plaintiff's reports relating to the frequency of his seizures. (R. 23.) While plaintiff's primary care physician, Dr. Owusu-Yaw, noted plaintiff's disorder "render[s] the individual unable to work or severely limit[s] the individual's capacity for self-support," he further noted a history of noncompliance with medication and refusal to undergo psychiatric care. (R. 459.)[1] Additionally, as the Law Judge pointed out, there is no supporting documentation of frequency of seizure or functional assessment from this physician. For these reasons, and because of the consistency of the medical evidence from other sources, the Law Judge discounted Dr. Owusu-Yaw's finding that plaintiff was unable to work and gave greater weight to the medical records from the medical sources at Danville Regional Medical Center. (R. 23.)

The Law Judge also gave great weight to the assessments of plaintiff's work-related capabilities. There are two assessments on the record, one submitted by a DDS consulting examiner Dr. Gonzalo Fernandez and one from the DDS review physician. (R.. 414, 446.) The review physician found plaintiff capable of a greater level of exertion than the DDS

---

[1] The evidence also revealed that plaintiff had a history of drug abuse, which was not found by the Law Judge to be a contributing factor to disability. However, the Law Judge rightly considered plaintiff's election to spend up to $100.00 per day on illegal drugs, rather than on prescribed treatment, as a factor in determining the outcome of the case. (R. 23.)

4

examiner, and in light of the conflict, the Law Judge gave greater weight to the examining consultant and adopted his more restrictive view of plaintiff's work capacity. Notably, neither reported functional limitations that would preclude a full-range of sedentary work, let alone a total inability to work. In fact, as the Law Judge observed, plaintiff even expressed belief in his ability to perform sedentary work. (R. 23, 497.)

The record evidence also provides substantial support for the Law Judge's decision to discount plaintiff's credibility. Plaintiff's own testimony of his daily activities, including his decision to drive despite claiming two to three seizures per week and blurred vision from medications, as well as inconsistencies in the reports he gave to physicians regarding the frequency of his seizures, provide a basis for a finding that plaintiff's testimony lacked truthfulness. (R. 93, 416, 426, 491.) One of his treating sources even reported that plaintiff's "suicidality was more a manipulative behavior undertaken by himself to achieve admission to the hospital, possibly seeking disability." (R. 409.) In addition, an earlier hospital report disclosed that, although claiming to have avoided cocaine use for three weeks, plaintiff tested positive for recent use. (R. 297.) A psychological assessment revealed that plaintiff's "patterns of admissions also are suspect" and that he "may be admitting just enough to appear candid while concealing much more." (R. 290.) Furthermore, the record amply demonstrated that plaintiff had displayed a history of poor compliance with his medication. (R. 420, 459.)

Nor does the evidence offered by the plaintiff before the Appeals Council present new or material evidence which could have impacted the law Judge's decision had it been before him in the first instance. The letter from plaintiff and copies of his current prescriptions add nothing not already covered in the record before the Law Judge.

5

In the end, the undersigned finds that the Commissioner's final decision is supported by substantial evidence. Accordingly, the undersigned RECOMMENDS that an order enter AFFIRMING the final decision, GRANTING judgment to the defendant and DISMISSING this action from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U. S. Magistrate Judge

6/29/05
Date

6

Case 4:04-cv-00035-JLK-BWC    Document 14    Filed 06/29/05    Page 6 of 6    Pageid#: 23